FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Oct 15, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WAI CONSTRUCTION GROUP, LLC., <br><br> Plaintiff, <br><br> vs. <br><br> WAVE QUANTUM, INC., and HARVEY PRICKETT, <br><br> Defendants. | No. 4:23-CV-5091-MKD <br><br> ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT; AND DEFAULT JUDGMENT <br><br> ECF No. 35 |

Before the Court is Plaintiff's Motion for Default Judgment. ECF No. 35. The Court has considered the record and is fully informed. Neither Defendant has appeared or otherwise participated in the pending action, and neither Defendant has responded to the Order of Default issued by the Clerk of Court on October 3, 2024. ECF No. 34. For the reasons discussed below, the Court grants the Motion.

## BACKGROUND

**A. Factual Background**

The following facts are taken from Plaintiff's Second Amended Complaint. ECF No. 21.

ORDER - 1

Plaintiff WAI Construction Group, LLC is an Ohio-based company. *Id.* at 1 ¶ 2. Defendant WAVE Quantum, Inc. ("WAVE") is a Washington-based company with a principal place of business in Kennewick, Washington. *Id.* at 2 ¶ 3. Defendant Harvey Prickett is the president and principal of WAVE and a resident of Washington. *Id.* at 2 ¶ 4.

Plaintiff and WAVE executed a Master Services Agreement, regarding a construction project in Hanford, Washington, on February 15, 2021. *Id.* at 4 ¶ 12; *see* ECF No. 21-1. On February 24, 2021, Plaintiff and WAVE subsequently executed a Statement of Work regarding the construction projection. ECF No. 21 at 4 ¶ 13; *see* ECF No. 21-2. The Statement of Work was incorporated into the Master Services Agreement, which, collectively, Plaintiff refers to as the Contract. ECF No. 21 at 4 ¶ 14.

Pursuant to the Contract, Plaintiff agreed to provide both financial assistance and staffing and support services for WAVE's Hanford construction project. *Id*. at 5 ¶ 15; *see* ECF No. 21-2 at 1-2. In exchange, WAVE agreed to pay Plaintiff consistent with the terms outlined in the Statement of Work. ECF No. 21 at 5 ¶ 16; *see* ECF No. 21-2 at 1-2.

Plaintiff provided WAVE with staffing and support services from approximately February 2021 through July 2022. ECF No. 21 at 5 ¶ 17. However, WAVE only partially paid Plaintiff for these services, owing $82,009.95 to date. *Id*.

ORDER - 2

1  at 5 ¶ 18-20.  Plaintiff also provided WAVE with three payments on a line of credit,

2  totaling $295,000.  *Id*. at 6 ¶ 24.  Pursuant to the Contract, WAVE agreed to "repay

3  the credit line allocations in full and include a 4.95% rate of interest within eleven

4  (11) months of the date of execution of the [Master Services Agreement]."  ECF No.

5  21-2 at 2.  WAVE failed to pay down the balance on its credit line, owing, as of June

6  21, 2023, $328,118.89.  ECF No. 21 at 6 ¶¶ 25-26.  Plaintiff alleges the money it

7  loaned to WAVE was "knowingly and wrongfully kept" by Mr. Prickett "for his

8  own personal use."  *Id*. at ¶ 28.  Plaintiff further alleges Defendants owe

9  $412,688.98 as of August 24, 2023.  *Id*. at ¶ 30.

10       Plaintiff's Second Amended Complaint asserts two claims for breach of

11 contract and one claim for unjust enrichment.  *Id*. at 7-10.

12     **B. Procedural History**

13       Plaintiff filed its initial Complaint on June 22, 2023.  ECF No. 1.  Plaintiff

14 filed an Amended Complaint on September 6, 2023.  ECF No. 6.  Proofs of service

15 of the Amended Complaint as to both Defendants were filed on December 6, 2023.

16 ECF No. 6.  Plaintiff served a notice of intent to file for default on December 6,

17 2023.  ECF No. 6.  On December 12, 2023, Plaintiff filed a motion for Entry of

18 Default as to both Defendants.  ECF No. 12.  The Clerk entered an Order of Default

19 as to both Defendants on December 18, 2023.  ECF No. 13.  On January 31, 2023,

20 Plaintiff filed a Motion for Default Judgment.  ECF No. 14.  The Court denied the

ORDER - 3

Motion for Default Judgment on July 16, 2024. ECF No. 20. Plaintiff thereafter filed the operative Second Amended Complaint on July 18, 2014, ECF No. 21, and moved for default judgment that same day, ECF No. 24. On July 19, 2024, the Court denied Plaintiff's motion for default judgment as "premature." ECF No. 25 at 1. Plaintiff then served Defendants with the Second Amended Complaint on July 24, 2024. ECF No. 28. On August 16, 2024, Plaintiff filed a Third Motion for Default Judgment. ECF No. 29. August 20, 2024, the Court denied the motion as "premature." ECF No. 30 at 2. On September 30, 2024, Plaintiff moved for an Entry of Default. ECF No. 31. The Clerk entered an Order of Default as to both Defendants on October 3, 2024. ECF No. 34. Plaintiff filed the instant Motion for Default Judgment on October 10, 2024. ECF No. 35.

## DISCUSSION

Plaintiff moves for default judgment on its two breach of contract claims, seeking $418,009.89 in damages. ECF No. 35; ECF No. 15 at 1, 5.[1]

---

[1] The instant Motion to Default Judgment refers to "all of the files, records, and proceedings herein, including the Memorandum previously filed by the Plaintiff and the exhibits attached thereto, including the Declaration of Joseph Barton, and the Declaration of William J. Beckley." ECF No. 35 at 1. The Court considers these pleadings consistent with LCivR 10(c).

ORDER - 4

**A. Jurisdiction**

"When entry of judgment is sought against a party who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties" to "determine whether it has the power . . . to enter the judgment in the first place." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) (citations omitted).

*1. Subject Matter Jurisdiction*

Subject matter jurisdiction is proper under 28 U.S.C. § 1332. Plaintiff is a foreign company organized under the laws of Ohio with a principal place of business in Ohio. ECF No. 21 at 1 ¶ 2. WAVE is a corporation organized under the laws of the State of Washington with a principal place of business in Kennewick, Washington. *Id.* at 2 ¶ 3. Mr. Prickett is an individual who resides in Kennewick, Washington. *Id.* at 2 ¶ 4. As such, there is complete diversity among the parties. *See Caterpillar v. Lewis*, 519 U.S. 61, 68 (1996). Plaintiff alleges damages totaling $754,019.30, plus continually accruing interest. ECF No. 21 at 11. From these facts, the amount in controversy plausibly exceeds $75,000. *See Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014) (holding that the amount in controversy requires "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

*2. Personal Jurisdiction*

The Court finds an adequate basis to exercise personal jurisdiction over Defendants, as both are domiciled in Washington. ECF No. 21 at 1 ¶¶ 3-4. Further, venue is proper under 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2), as both Defendants reside within this district and this case concerns a contractual dispute arising from a construction project in Hanford, Washington, which is within this district. *Id.* at 4 ¶ 10.

**B. Procedural Requirements**

The process for obtaining a default judgment is set forth in Fed. R. Civ. P. 55(b) and LCivR 55(b). The Court is satisfied that Plaintiff has complied with these procedural requirements. In particular, the Court notes that Plaintiff's counsel previously submitted a declaration on January 16, 2024, that complies with the requirements of LCivR 55(b)(1)(A)-(B). ECF No. 16.

**C. Substantive Requirements: *Eitel* Factors**

Upon default, the Court assumes that the well-pleaded allegations in the complaint are true, except those relating to the amount of damages. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977) (citing *Pope v. United States*, 323 U.S. 1, 12 (1944)). The Court considers seven factors in exercising its discretion to enter a default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the

ORDER - 6

complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

### 1. Possibility of Prejudice

Under the first *Eitel* factor, "prejudice exists where the plaintiff has no recourse for recovery other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (citation and quotation marks omitted). Plaintiff filed its initial complaint on June 22, 2023, nearly 16 months ago. ECF No. 1. Defendants have had ample opportunity to respond or otherwise participate in the litigation. Under these circumstances, Plaintiff will be prejudiced if it is not permitted to proceed against Defendants by way of default judgment. The first *Eitel* factor weighs in favor of default judgment.

### 2. Merit of Claims and Sufficiency of the Complaint

The second and third factors are often weighed together, *see Curtis*, 33 F. Supp. 3d at 1211, and favor a default judgment when the "allegations in the complaint are sufficient to state a claim on which the [plaintiff] may recover." *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978). Plaintiff has alleged

ORDER - 7

1    specific and detailed facts in its Second Amended Complaint that supports the merits

2    of its claims.  The second and third *Eitel* factors weigh in favor of default judgment.

3         *3. The Sum of Money at Stake*

4    "Default judgment is disfavored if the sum of money at stake is completely

5    disproportionate or inappropriate" in relation to the seriousness of a defendant's

6    conduct.  *Hygenix, LLC v. Xie*, 2022 WL 1094181, at *3 (D. Nev. Apr. 11, 2022)

7    (citation and quotation marks omitted).  Plaintiff calculates the sum of damages at

8    $418,009.89 (plus post-judgment interest).  ECF No. 15 at 1; No 17 at 2.  "While a

9    large sum of money weighs in favor of a decision on the merits," where, as here,

10   "the amount directly relates to and flows from the [Defendants'] breach … with no

11   contradictory evidence … the fourth [*Eitel*] factor weighs in favor of default

12   judgment." *Red Lion Hotels Franchising, Inc. v. Dumon*, 2021 WL 1269120, at *3

13   (E.D. Wash. Apr. 6, 2021).  The fourth *Eitel* factor weighs in favor of default

14   judgment.

15        *4. Possibility of a Dispute Concerning Material Facts*

16   Where no dispute has been raised, the likelihood that any such dispute exists

17   is remote.  *See Brow Room v. Med. Laser Experts, LLC*, 2021 WL 5830023, at *2

18   (E.D. Wash. Dec. 8, 2021).  There is no information before the Court that supports

19   the possibility of a dispute concerning the terms of the contract and the amount owed

20   by Defendants.  This factor weighs in favor of default judgment.

ORDER - 8

*5. Excusable Neglect*

"Generally, courts do not find excusable neglect when defendants were properly served with the complaint." *BMO Bank N.A. v. Raiden, LLC*, 2023 WL 8934854, at *2 (W.D. Wash. Dec. 27, 2023) (citation omitted). Defendants were served with the initial complaint on July 3, 2023, over 15 months ago. ECF No. 3. Defendants were served with the operative Second Amended Complaint on July 24, 2024. ECF No. 28. Defendants have not appeared in this lawsuit, opposed the motion, or sought vacatur of the default. There is no indication that Defendants' default is due to excusable neglect. Accordingly, this factor weighs in favor of default judgment.

*6. Policy Consideration*

Last, the general rule is that "[c]ases should be decided upon their merits whenever reasonably possible." *Eitel*, 782 F.2d at 1472 (citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985)). While this factor inherently weighs against default judgment, "the mere existence of" Fed. R. Civ. P. 55(b) "indicates that this *Eitel* factor is not alone dispositive." *Curtis*, 33 F. Supp. 3d at 1213 (quoting *Microsoft Corp. v. Lopez*, 2009 WL 959219, at 3 (W.D. Wash. Apr. 7, 2009)) (quotation marks and alteration omitted). "[W]here a defendant's failure to appear 'makes a decision on the merits impracticable, if not impossible,' entry of default judgment is nonetheless warranted." *Elec. Frontier Found. v. Global Equity*

ORDER - 9

*Mgmt. (SA) Pty Ltd.*, 290 F. Supp. 3d 923, 948 (N.D. Cal. 2017) (quoting *Craigslist, Inc. v. Naturemarket, Inc.*, 694 F. Supp. 2d 1039, 1061 (N.D. Cal. 2010)). Defendants' failure to participate in this litigation has made a decision on the merits impossible. The final *Eitel* factor weighs in favor of default judgment.

In sum, the *Eitel* factors weigh in favor of granting default judgment.

**D. Damages**

"It is well settled that a default judgment for money may not be entered without a hearing unless the amount claims is a liquidated sum or capable of mathematical calculation." *Davis v. Fendler*, 650 F.2d 1154, 1161 (9th Cir. 1981). The Court finds Plaintiff has proved its damages with sufficient certainty. Plaintiff properly supported its evidence of damages through a declaration specifying how damages were computed. ECF No. 17 at 2; *see NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 617 (9th Cir. 2016). The Court thus finds good cause to award the requested damages.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Default Judgment, **ECF No. 35,** is **GRANTED**.

2. **DEFAULT JUDGMENT IS HEREBY ENTERED** in favor of Plaintiff. Judgment is awarded to Plaintiff against Defendants, jointly and severally, in the amount of **$418,009.89**, with the applicable post-judgment statutory interest rate. *See* 28 U.S.C. § 1961(a).

**IT IS SO ORDERED.** The Clerk of Court is directed to file this order and **CLOSE the file**.

DATED October 15, 2024.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES DISTRICT JUDGE

ORDER - 11